OPINION OF THE COURT
Emmett J. Schnepp, J.
On February 8, 1977 petitioner, the holder of a 25% interest in a partnership which owns and operates the Westgate Nursing Home ("Westgate”), was convicted on three felony counts of an indictment related to his employment in an administrative capacity at the Lakeshore Nursing Home where he was employed. Petitioner was sentenced to a fine on April 25, 1977 (the execution stayed pending appeal), and on May 11, 1977 he was issued a "certificate of relief from disabilities” relieving the petitioner of the forfeiture of his operating certificate. Since 1971 the Health Department of the *962 State of New York has issued operating certificates to West-gate; the current certificate issued on August 1, 1976 expires on July 31, 1978. Notice of a hearing and statement of charge dated August 15, 1977 and addressed to petitioner and West-gate, was given pursuant to subdivision 5 of section 2806 of the Public Health Law. Specifically, it stated that the sole issue to be determined at the hearing was whether "a judgment of conviction with respect to a felony in connection with an activity or program subject to the regulations, supervision or administration of the Department of Health or the Department of Social Services has been entered against the Respondent [petitioner in this proceeding] * * * [and. that] at the conclusion of the' hearing a recommendation will be made to the Commissioner of Health with respect to whether or not the operating certificate heretofore granted by the Commissioner of Health should be revoked, suspended, limited or annulled”. Following the hearing and the recommendation of the hearing officer dated September 21, 1977, the operating certificate of petitioner as an operator of Westgate was revoked and annulled by order of the respondent dated September 30, 1977. The petitioner was directed to surrender the operating certificate of the nursing home within 10 days of the service of the order. This article 78 proceeding seeks judgment annulling respondent’s order.
Petitioner claims that subdivision 5 of section 2806 of the Public Health Law adopted after petitioner’s conviction is an "ex post facto” law and therefore unconstitutional; that the Legislature did not intend the law to apply to the petitioner; and that the order of respondent revoking the operating certificate was arbitrary and capricious and was affected by an error in law.
Apart from these issues, there appears to be a problem with the procedure pursued by respondent in revoking the operating certificate. The general intent of the applicable statutes and regulations is that operating certificates are issued to nursing homes — not to the individual members of an operating partnership. Section 2805 of the Public Health Law provides that "[n]o hospital [nursing home] shall be operated unless it shall: (a) possess a valid operating certificate”. (Emphasis supplied.) 10 NYCRR 401.1 (a) states that "a facility shall file an application for an operating certificate” on a form provided by the Department of Health. (Emphasis supplied.) Section 2806 (subd 5, par [a]) of the Public Health Law (eff *963 Aug. 11, 1977), the statute under which respondent acted, provides where relevant as follows: "a hospital operating certificate of a hospital under control of a controlling person * * * or under control of any other entity, shall be revoked, suspended, limited or annulled, after a hearing * * * upon a finding by the department that such controlling person or any individual, member of a partnership or shareholder of a corporation to whom or to which an operating certifícate has been issued, has been convicted of a felony in connection with any activity or program subject to the regulations, supervision, or administration of the department”.* (Emphasis supplied.) The statutes and regulations clearly indicate that an operating certificate is issued to a nursing home facility, not to an individual member of a partnership.
The face of the operating certificate issued to "Westgate Nursing Home” names the "Partnership” as the "Operator” and notes parenthetically that the "Partners [are] Named In Application”. The application for the current operating certificate dated June 16, 1976 certified by Dennis J. Christiano, administrator, lists under the heading "Business Owner[s] [Operator]” the names of the partners: Dennis, Albert, Sr., and Albert Christiano, Jr. The partnership, and not any individual partner, is the operator of Westgate — the holder of the operating certificate.
All the proceedings before the Commissioner of Health, however, were directed toward petitioner solely. The notice of the hearing, the opinion and recommendation of the hearing officer, and the order revoking the operating certificate were captioned: *964 (Emphasis supplied.) The referee at the hearing also stated that the proceeding concerned "the proposed revocation * * * of the operating certificate of Albert Christiano, Jr., as operator of Westgate Nursing Home”. (Emphasis supplied.) The respondent simply did not properly name the operator of Westgate; the revocation proceeding was defective from the outset.
*963 In the Matter of
The proposed revocation, suspension, limitation or annulment of the operating certificate of
Albert Christiano, Jr. as operator of Westgate Nursing Home Respondent
*964 Section 2806 (subd 5, par [d]) of the Public Health Law requires that a "copy of the notice and charges shall be served in person or mailed” before the hearing, an essential element of due process. The record is silent, however, as to the service of notice of the hearing. Although the title page identifying the proceeding before the hearing referee lists an appearance for Westgate by the same attorney who represented petitioner at the hearing, the transcript of the minutes of the hearing reflects an appearance in behalf of petitioner only. No appearance was made by the partnership or Westgate. In any event, if the notice was in fact served, it was improper, for it did not name the holder of the operating certificate.
The court recognizes the important need for and the desirability of this legislation; corruption in the nursing home industry must be excised. The commissioner, however, must follow lawful procedure in implementing its purposes.
The action of the respondent in revoking the certificate of the nursing home and directing petitioner to surrender the operating certificate was in violation of lawful procedure, affected by an error in law, and is hereby annulled. No other issues here need be reached.

 A hospital’s operating certificate may be revoked, etc., upon the conviction of a "controlling person” who has more than "the ability, acting either alone or in concert with others * * * to direct or cause the direction of the management” of the partnership (Public Health Law, § 2801-a, subd 12), i.e., who is in control, or upon the conviction of an individual "member of a partnership”. In this case, an individual member of a partnership was convicted.